Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
43 West 43rd Street, Suite 248
New York, New York 10036-7424
Telephone: (347) 395-4656
Facsimile: (347) 214-2233
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
A.K., on behalf of his minor child, A.K.,

                Plaintiff,                               **COMPLAINT**

      v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.
------------------------------------------------------------------------X

       Plaintiff, A.K., on behalf of his minor child, A.K., by their attorney, The Law Office of Steven Alizio, PLLC, as and for their Complaint against Defendant, the New York City Department of Education ("Defendant" or "DOE"), allege and state the following.

       1.     A.K., is the minor child of Plaintiff, A.K. A.K. is a minor child with learning disabilities. A.K. was at all relevant times, and still is, a student residing within New York City who is entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*; the federal regulations governing the IDEA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

       2.     At all relevant times, Plaintiff has resided and continues to reside within the County of New York.

3. Plaintiff, though known to Defendant, is not expressly named herein by his given name or specific address because of the privacy guarantees provided in the IDEA statute, as well as in the Family Education Rights Privacy Act, 20 U.S.C. § 1232(g) and 34 C.F.R. Part 99. Upon the request of this Court, Plaintiff is prepared to disclose Plaintiff's identity *in camera*.

4. Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York, and is the "local educational agency" charged with the obligation to provide A.K. with a free and appropriate public education ("FAPE") under the IDEA.

## NATURE OF THE ACTION

5. This action is filed pursuant to the IDEA, 20 U.S.C. § 1415, and follows a substantive hearing that resulted in a hearing officer's decision on the merits in Plaintiff's favor.

6. This action is filed to secure statutory attorneys' fees and costs that Plaintiff should be awarded in this fee application action, and in the underlying administrative proceeding, as a "prevailing party" pursuant to the express fee-shifting provisions of the IDEA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

7. This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction over this action without regard to the amount in controversy. Venue is proper in that Defendant and Plaintiff resides in or is situated within the judicial district.

## FACTUAL BACKGROUND

8. Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special

education program and services that are tailored to meet the individual needs of each child with a disability.

9. On or about September 9, 2020, Plaintiff initiated an administrative due process proceeding against Defendant alleging, *inter alia*, that Defendant denied A.K. a FAPE for the 2020-2021 school year. As relief, Plaintiff's complaint sought a final order requiring the DOE to, *inter alia*, fund A.K.'s tuition at West End Day School for the 2020-21 school year, provide door-to-door transportation to and from West End Day School, fund compensatory services, reimburse Plaintiff for out-of-pocket costs incurred for private tutoring for A.K., and fund the cost of an independent neuropsychological evaluation.

10. On April 26, 2021, a hearing on the merits was held before IHO Mitchell Regenbogen, concerning the claims in Plaintiff's due process complaint.

11. On May 17, 2021, IHO Regenbogen issued a Findings of Fact and Decision ("FOFD") in which he found that the DOE deprived A.K. of a FAPE for the 2020-2021 school year and ordered the DOE to fund A.K.'s tuition at West End Day School for the 2020-21 school year, provide door-to-door transportation to and from West End Day School, fund compensatory tutoring and speech-language therapy, reimburse Parent in the amount of $400 for private tutoring, and fund the cost of an independent neuropsychological evaluation.

12. Neither party appealed the May 17, 2021 FOFD.

13. Plaintiff has exhausted his administrative remedies, as attorneys' fees and related costs may not be recovered at the administrative level, and must be adjudicated and determined by the federal court, absent an agreement by the parties.

14. This action is timely brought based on the applicable statute of limitations.

15. As a consequence of the favorable, unappealed, May 17, 2021 administrative

decision of IHO Regenbogen, Plaintiff qualifies as a "prevailing party" within the meaning of the IDEA, 20 U.S.C. § 1415(i)(3).

16. Under the IDEA fee-shifting provisions, Plaintiff should be awarded reasonable attorneys' fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.

17. **WHEREFORE,** by reason of the foregoing, this Court should: (a) declare Plaintiff to be the prevailing party; (b) fix and award Plaintiff's statutory attorneys' fees and related costs and disbursements from the underlying administrative proceeding; (c) award Plaintiff the attorneys' fees and related filing costs and disbursements associated with this action; (d) order Defendant to satisfy any judgment in this matter within thirty (30) days of the issuance of the final order; and (e) award Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 10, 2022

_____
Steven J. Alizio, Esq.
Justin B. Shane, Esq.
The Law Office of Steven Alizio, PLLC
43 West 43rd Street, Suite 248
New York, New York 10036-7424
Telephone: (347) 395-4656
Facsimile: (347) 214-2233
Attorneys for Plaintiff